Rivera-Lopes v. Garland

BIA
A077 698 905

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand twenty-one.

PRESENT:
 JON O. NEWMAN,
 JOSÉ A. CABRANES,
 SUSAN L. CARNEY,
  *Circuit Judges.*

———————————————————————

JUAN ISAC RIVERA-LOPES, AKA LUIS IDROVO URGILES, AKA MAURICIO TRELLES,
  *Petitioner,*

 v.                                19-2513
                                   NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

———————————————————————

FOR PETITIONER:        Usman B. Ahmad, Esq., Long Island
                       City, NY.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant
                       Attorney General; Carl McIntyre,

Assistant Director; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Isac Rivera-Lopes seeks review of a July 17, 2019, decision of the BIA denying his motion to reconsider, reopen, and terminate his order of removal to Guatemala or to reopen and remand for him to apply for cancellation of removal. *In re Juan Isac Rivera-Lopes,* No. A 077 698 905 (B.I.A. July 17, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The BIA did not abuse its discretion by declining to reconsider or reopen. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008) (reviewing motions to reconsider and reopen for abuse of discretion). Rivera-Lopes argues that, under *Pereira v. Sessions*, 138 S. Ct. 2105, 2113-20 (2018), the immigration court lacked jurisdiction over his removal proceedings because his notice to appear ("NTA") did

2

not include the date and time of his initial hearing.*  In *Pereira*, the Supreme Court held that an NTA that fails to designate the time or place of an initial hearing in removal proceedings does not trigger the stop-time rule ending the noncitizen's period of continuous presence for purposes of cancellation of removal.  138 S. Ct. at 2113-20; *see also Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480-86 (2021).  Rivera-Lopes's argument is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110-12 (2d Cir. 2019), which holds that an NTA that omits the date and time of the hearing is adequate to vest jurisdiction in the immigration court if the noncitizen was sent a subsequent hearing notice with the missing information.  Rivera-Lopes and his counsel were served with notices of his hearings.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

* Rivera-Lopes does not challenge the BIA's decision not to reopen sua sponte for him to apply for cancellation of removal.